**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Emma M. Lombard, Esq. (ID# 371422021)
Charles A. Zdebski, Esq. (*Pro Hac Vice Application Forthcoming*)
Darcy C. Osta, Esq. (*Pro Hac Vice Application Forthcoming*)
Physical Address: 2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
Mailing Address: P.O. Box 5404, Princeton, NJ 08543
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
*Attorneys for Defendant, MPower Energy NJ, LLC*
_____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AYAN RHYMES and LOVELEEN KAUR, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MPOWER ENERGY NJ LLC, <br><br> Defendant. | CIVIL ACTION NO.: <br><br> **DOCUMENT FILED ELECTRONICALLY** <br><br> **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, on this date, defendant, MPower Energy NJ LLC, ("Defendant" or "MPower"), by its undersigned counsel, has filed this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, in the office of the Clerk of the United States District Court for the District of New Jersey.

Defendant, by its undersigned attorneys, shows:

1

1. Ayan Rhymes and Loveleen Kaur (collectively, the "Plaintiffs"), by their attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Wittels McInturff Palikovic, and Kheyfits Belenky LLP, brought a proposed class action in their individual capacities, against Defendant in the Superior Court of New Jersey, Law Division, Essex Court, and filed their complaint and jury demand on April 6, 2023, under Docket No. ESX-L-002327-23. A true copy of Plaintiffs' complaint is attached as Exhibit "A" to the Declaration of Emma M. Lombard, Esq.[1]

2. Defendant was served with process on April 13, 2023. A true copy of the summons served on Defendant is attached as Exhibit "B". *See also* Exhibit "C".

3. This Notice is filed with this Court within 30 days of Defendant's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as provided by 28 U.S.C. § 1446(b).

4. There have been no other proceedings in this action.

5. This action is removable to this Court pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453. Defendant MPower is a limited liability company managed solely by two individual members who are citizens of New York. Please *see* the Declaration of Lavie Popack, attached as Exhibit "D" to the Lombard Dec. Thus, for

---

[1] All Exhibits referenced herein are attached to the Declaration of Emma M. Lombard, Esq. (hereinafter "Lombard Dec.").

purposes of diversity jurisdiction, Defendant is a citizen of New York.[2] According to the complaint, Plaintiffs reside in Nutley, New Jersey, and are citizens of New Jersey. (Compl. at ¶10).

6. Jurisdiction over the subject matter of this action is conferred on this Court by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332; 1453. Original jurisdiction over this matter is vested in this Court as it is "a civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant[,]" and the number of members of all proposed plaintiff classes exceeds one hundred. 28 U.S.C. § 1332(d)(2)(A); (d)(5).

7. <u>Amount in Controversy.</u> Based on the allegations in the complaint, the aggregate amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2). Though Plaintiffs do not identify the aggregate damages the complaint seeks, a reasonable estimate of the amount in controversy can be ascertained through the relevant allegations.

---

[2] *Walsh v. Defs., Inc.*, 894 F.3d 583, 587 n.5 (3d Cir. 2018) (finding that a limited liability corporation's citizenship under CAFA is determined by the citizenship of its members).

8. Plaintiffs purport to bring this action "on behalf of a class of all New Jersey, Illinois, Maryland, Ohio, Pennsylvania, and Washington DC MPower customers charged for residential and commercial electricity and/or natural gas services by MPower from the earliest allowable date through the date of judgment." (Compl. at ¶ 78).

9. According to the Complaint, "Plaintiffs believe … the Class encompasses at least tens of thousands of individuals[.]" (Compl. at ¶ 83). Plaintiffs seek redress for alleged violations of what Plaintiffs describe as "materially identical consumer protection statutes of New Jersey, Pennsylvania, Ohio, Maryland, Washington DC, and Illinois," and for which they seek "compensatory damages, statutory enhancements, attorneys' fees, and the costs of this suit." (Compl. at ¶¶ 126; 143). In addition, Plaintiffs allege causes of action for, among others, breach of contract and unjust enrichment.

10. Plaintiffs allege that Defendant is liable, in part, to certain individuals under New Jersey's Truth-in-Consumer Contract, Warranty, and Notice Act (TCCWNA), a statute which mandates the payment of not less than $100 in statutory damages per occurrence. (Compl. at ¶¶ 146-52; N.J.S.A. § 56:12-17). Plaintiffs further allege that Defendant is liable under New Jersey's Consumer Fraud Act (NJCFA), a statute which provides treble damages for proven violations and reasonable attorneys' fees. Compl. at ¶¶ 112-124. The complaint further asserts a

4

claim for violations of materially identical state consumer protection statutes which similarly permit recovery of actual damages and reasonable attorneys' fees. Compl. at ¶¶ 125-145.

11. As alleged in the complaint, the proposed class involves "tens of thousands" of individuals, each one of whom is alleged to be entitled to recover actual damages, treble damages and reasonable attorneys' fees for various violations of several different state statutes. When a plaintiff asserts a claim pursuant to a statute, the potential recovery of treble damages and attorneys' fees, if awardable under the statute, must be considered in determining the amount in controversy. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 508, n. 12 (3d Cir. 2014); *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 227 (3d Cir. 2019).

12. The complaint specifically alleges that for a nine-month period, Defendant charged Plaintiffs a variable rate for gas that was at least $0.59 higher than the fixed rate. Compl. at ¶¶ 58-60. Assuming for purposes of this analysis that Plaintiffs used, on average, 25 therms per month,[3] the resulting overpayment would be in the amount of $132.75 over the course of 9 months, which, under the NJCFA,

---

[3] Using 25 therms per month as an average monthly rate of consumption is a fairly conservative estimation. According to the United States Energy Information Administration, the government's leading authority for energy usage data, the average annual natural gas use for all homes in America is 46.9 therms per month. *See* U.S. EIA data, "Annual household site fuel consumption in the United States—totals and averages, 2020," accessible here: https://www.eia.gov/consumption/residential/data/2020/c&e/pdf/ce2.1.pdf (last accessed May 10, 2023). As a result, there is no question that the amount in controversy meets the CAFA threshold requirements.

would be trebled to $398.25. If there at least 20,000 class members (*i.e.*, ten**s** of thousands), each of whom is alleged to be entitled to recover treble damages in the amount of $398.25, the result would be an award of over $7,000,000, exclusive of attorneys' fees. With attorneys' fees the potential damages award would increase to over $9,000,000, *just for* the NJCFA claim. *Smith v. HSN, Inc.*, Civil Action No. 20-12869 (JXN) (ESK), 2022 U.S. Dist. LEXIS 148893, at *8 (D.N.J. Aug. 18, 2022) (finding that the Magistrate's "use of a 30% attorney's fees to determine the amount in controversy was proper" because "it is founded upon the controlling case law of the Third Circuit Court of Appeals.")  As a result, this matter involves an aggregate amount of alleged damages in excess of $5,000,000.00.

13. <u>Citizenship of the Parties.</u> CAFA requires only minimal diversity, which is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Complete diversity exists between the Plaintiffs, who are citizens of New Jersey, and the Defendant, which is a citizen of New York. *See* Declaration of Lavie Popack (Lombard Dec., **Ex. "D"**).

14. <u>Number of Class Members.</u> According to the Complaint, "Plaintiffs believe … the Class encompasses at least tens of thousands of individuals[.]" (Compl. at ¶ 83).

15. This Court is not required to decline jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

16.     Filing this Notice of Removal shall not be construed as a waiver of any defense that may be available to Defendant, including improper venue, and Defendant specifically reserves the right to compel arbitration to which Plaintiff Ayan Rhymes agreed in the underlying contract with Defendant.

**PLEASE TAKE FURTHER NOTICE** that defendant, upon filing the Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey, has served a copy of this Notice of Removal on Plaintiffs, and has also filed a copy of the Notice with the Clerk of the Superior Court of New Jersey, via eCourts, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(d).

    Respectfully submitted,

    **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
    Attorneys for Defendant, MPower Energy NJ LLC

    By: /s/ Emma M. Lombard
        Emma M. Lombard, Esq.

Dated:  May 10, 2023