**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
EDWARD S. KIEL
UNITED STATES MAGISTRATE JUDGE

FRANK R. LAUTENBERG U.S. POST
OFFICE & COURTHOUSE BUILDING
2 FEDERAL SQUARE
NEWARK, NJ 07102
973-645-6121

LETTER ORDER

November 13, 2023

RE:   RE:   Rhymes, *et al.*, v. MPower Energy NJ, LLC
Case No.: 23–cv–02556–BRM–ESK

Dear Counsel:

This letter order addresses: (1) the parties' joint dispute letter concerning whether discovery should be stayed, or in the alternative, bifurcated (Stay Dispute) (ECF No. 26) pending resolution of defendant's motions to dismiss plaintiff Ayan Rhymes's claims (Rhymes Dismissal Motion) (ECF No. 15) and plaintiff Loveleen Kaur's claims (Kaur Dismissal Motion) (ECF No. 16) (collectively, Dismissal Motions); (2) Rhymes's motion for leave to file a sur-reply to the Rhymes Dismissal Motion (Motion to File Sur-Reply) (ECF No. 47); and (3) the parties' joint dispute letter concerning the production of discovery and entry of an electronically stored information (ESI) protocol (Discovery Dispute) (ECF No. 52).

**I.   BACKGROUND**

This action arises out of defendant's alleged "deceptive, bad-faith, and unlawful pricing practices." (ECF No. 1–1 ¶1.) Defendant is an "independent energy supply company" that provided plaintiffs with "electricity and natural gas services." (*Id.* ¶¶2, 13.) In April 2021, defendant enrolled plaintiffs into a 12-month fixed rate plan. (*Id.* ¶34.) Pursuant to the terms of the contract, plaintiffs were thereafter enrolled into a variable rate plan. (*Id.* ¶3.) Plaintiffs, however, allege that defendant breached the terms of the contract and violated various consumer protection laws and regulations by charging "variable rates

Rhymes v. MPower Energy NJ, LLC
Case No.: 23–cv–02556–BRM–ESK
November 13, 2023
Page -2-

that were untethered from market pricing" and were "outrageously high." (*Id.* ¶¶ 42, 76.)

On behalf of themselves and two sub-classes, consisting of "customers" from New Jersey, Illinois, Maryland, Ohio, Pennsylvania, and Washington D.C. "charged for residential and commercial electricity and/or natural gas services by [defendant]," plaintiffs filed a seven-count complaint on April 7, 2023 in the Superior Court of New Jersey. (ECF No. 1–1 ¶¶ 78, 79.) Defendant timely removed this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) (ECF No. 1) and then filed the Dismissal Motions on June 14, 2023 (ECF Nos. 15, 16).

The Dismissal Motions seek to dismiss plaintiffs' individual and class claims for failure to state a claim and lack of standing. (*See* ECF Nos. 15, 16.) The parties dispute whether the contract between defendant and Rhymes was limited to the one-page document titled "Customer Details" or also encompassed the "Terms and Conditions" page, which included a mandatory arbitration agreement and class action waiver clause. (ECF No. 15–1 pp. 10, 11; ECF No. 31 pp. 18–21.) Since Kaur did not sign any contract with defendant, a dispute also exists as to whether Kaur's claims fail as a matter of law. (ECF No. 16–1 p. 7; ECF No. 32 pp. 9–12.) Defendant further argues that plaintiffs cannot represent "customers" outside of New Jersey. (ECF No. 16–1 p. 30.)

I held an initial scheduling conference on June 27, 2023 and entered an order setting fact discovery to close on February 23, 2024. (ECF No. 25 ¶ 3.) Thereafter, the parties filed the Stay Dispute, in which defendant sought leave to file a motion to stay or, in the alternative, bifurcate discovery. (ECF No. 26.) I denied defendant's request for leave but advised the parties that I would "await the completion of briefing on the [Dismissal Motions]" before determining whether "additional briefing [was] necessary on" the Stay Dispute. (ECF No. 28.) On September 22, 2023, defendant filed the Sur-Reply Motion, which

Rhymes v. MPower Energy NJ, LLC
Case No.: 23–cv–02556–BRM–ESK
November 13, 2023
Page -3-

Rhymes opposed on October 2, 2023. (ECF Nos. 47, 49.) Rhymes filed a reply in further support of the Sur-Reply Motion on October 19, 2023. (ECF No. 53.) The parties filed the Discovery Dispute on October 18, 2023. (ECF No. 52.)

## II.     STAY DISPUTE[1]

A court has the discretion to stay a proceeding whenever "the interests of justice" mandate "such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). A court's authority "to control the disposition of the causes on its docket with economy of time and effort" implicitly carries with it "the power to stay proceedings." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In making such a determination, courts must weigh a number of factors, including whether: (1) a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) denial of the stay would create a "clear case of hardship or inequity"; (3) a stay would simplify the issues and the trial of the case; and (4) discovery is complete and/or a trial date has been set. *Akishev v. Kapustin*, 23 F.Supp.3d 440, 446 (D.N.J. 2014). This analysis requires courts to strive to "maintain an even balance" while "weigh[ing] competing interests." *Landis*, 299 U.S. at 254–55.

Generally, the filing of a dispositive motion does not constitute good cause under Federal Rule of Civil Procedure (Rule) 26(c) to stay discovery. *Gerald Chamales Corp. v. Oki Data Am., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007). However, when the underlying motion to dismiss seeks to compel arbitration, the analysis changes. *Klepper v. SLI, Inc.*, 45 F.App'x. 136, 138 (3d Cir. 2002) (vacating an order directing the parties to proceed with discovery while the defendant's motion to compel arbitration remained pending). The Third Circuit

---

[1] Given the filing of the Sur-Reply Motion, I recognize that briefing for the Dismissal Motions is not yet complete. I have, however, reviewed all of the submissions to date and find that because the Stay Dispute provides fulsome arguments, further briefing is not required to resolve this issue.

Rhymes v. MPower Energy NJ, LLC
Case No.: 23–cv–02556–BRM–ESK
November 13, 2023
Page -4-

has held that "'upon [a court] being satisfied that the issue involved in … [an action] is referable to arbitration,' the court 'shall on application of one of the parties stay … the action until such arbitration has been had in accordance with the terms of the agreement.'" *Id.* (quoting 9 U.S.C. §3). This is because requiring the "parties to submit to full discovery … may unnecessarily subject [the parties] 'to the very complexities, inconveniences[,] and expenses of litigation that they determined to avoid.'" *Id.* (quoting *Suarez-Valdez v. Shearson Lehman/American Express, Inc.*, 858 F.2d 648, 649 (11th Cir. 1988)). Parties may nevertheless "be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists" when the enforceability of the arbitration provision is in question. *Ross v. CACH, LLC*, No. 14-06321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015).

While plaintiffs' claims are based upon the existence of a contract, the parties dispute what terms the contract includes and who the contract is binding upon. Given that plaintiffs' complaint makes no reference to a mandatory arbitration agreement or class action waiver clause, the question of arbitrability and waiver cannot be resolved without considering evidence extraneous to the pleadings. *See Corsi v. Cellco P'ship*, No. 22-04621, 2023 WL 3775320, at *3 (D.N.J. June 2, 2023) (denying without prejudice the motion to compel arbitration so the parties could conduct limited discovery to determine whether a valid arbitration exists).

### A.   Rhymes's Individual and Class Claims

In support of the Rhymes Dismissal Motion, defendant argues that upon Rhymes having executed the "Customer Details" page, he was provided with a link to the contract. (ECF No. 39 pp. 7, 8.) Defendant argues that because Rhymes opened the link and accessed the "Terms and Conditions" page, he was given notice of the mandatory arbitration agreement and class action waiver

clause. (*Id.*) Meanwhile, Rhymes argues in opposition to the Rhymes Dismissal Motion that the contract consists solely of the "Customers Details" page and that he was never provided notice, let alone access, to the "Terms and Conditions" page. (ECF No. 31 pp. 10–12.) Rhymes, hence, argues that his individual and class claims should not be dismissed. (*Id.*)

I cannot predict the ultimate disposition of the Rhymes Dismissal Motion. However, I can conclude that requiring defendant to engage in complete discovery at this juncture would present a clear tactical advantage to Rhymes. *See Klepper*, 45 F.App'x. at 138. Rhymes's individual and class claims are based upon the existence of a contract, yet the terms of the contract are unknown. Without evidence demonstrating whether the "Terms and Condition" page is indeed part of the contract and that the mandatory arbitration agreement and class action waiver clause are enforceable, the Dismissal Motions cannot be resolved. Discovery will, therefore, be stayed except for discovery limited to the issue of notice to Rhymes of the mandatory arbitration agreement and class action waiver clause and the enforceability of same (Limited Discovery). Pending the completion of the Limited Discovery, the Rhymes Dismissal Motion shall be administratively terminated without prejudice. *See Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013) (holding that when "arbitrability [is] not … apparent on the face of the complaint, [a] motion to compel arbitration must be denied pending further development of the factual record"). Furthermore, Rhymes is granted leave to cure the potential deficiencies in the complaint upon the completion of the Limited Discovery. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that if a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend).

### B. Kaur's Individual and Class Claims

In support of the Kaur Dismissal Motion, defendant argues that because Kaur's allegation that she entered into a contract with defendant is factually unsupported, her individual and class claims should be dismissed. (ECF No. 16–1 p.15.) Kaur argues in opposition to the Kaur Dismissal Motion that as a third-party beneficiary, she "has standing to enforce the contract" Rhymes entered into with defendant. (ECF No. 32 p.14.) Since Kaur's claims are based upon the existence of Rhymes's contract with defendant, discovery as to her individual and class claims shall also be limited for the same reason discovery as to Rhymes's individual and class claims is limited. Thus, the Kaur Dismissal Motion shall also be administratively terminated without prejudice.

I note that because the complaint did not identify Kaur as a third-party beneficiary, Kaur requests that "to the extent the Court believes [she] should be so identified, [she] requests leave to amend her [c]omplaint to clarify the basis of her contractual standing." (ECF No. 32 p.14 n.3.) Although Kaur has not filed a formal motion for leave to amend, I find that in the interests of justice and efficiency, Kaur may file an amended complaint. The amended complaint shall address the deficiencies asserted by defendant in the Kaur Dismissal Motion and amend, to the extent necessary, the complaint upon completion of the Limited Discovery. *See Grayson*, 293 F.3d at 108; *Feuerstein v. Simpson*, 582 F.App'x 93, 97 n.3 (3d Cir. 2014) ("Rule 15(a)(2) [does not] actually require[], by its terms, a formal motion to amend. Rather … [the] provision[] simply describe[s] the circumstance[] under which a court may grant leave to amend. Accordingly, courts have consistently held that leave to amend may be granted without a formal motion.").

Rhymes v. MPower Energy NJ, LLC
Case No.: 23–cv–02556–BRM–ESK
November 13, 2023
Page -7-

## II.  SUR-REPLY MOTION

Rhymes argues that defendant's reply in further support of the Rhymes Dismissal Motion (Reply) impermissibly raises new arguments and introduces new evidence. (ECF No. 47–1 pp. 4, 11.) Defendant disagrees with this characterization and asserts that the Reply "responds directly to [Rhymes's] allegations and theories [raised] in opposition" to the Rhymes Dismissal Motion. (ECF No. 49 p. 5.)

I find that defendant's inclusion of declarations from two new witnesses in the Reply (ECF Nos. 39–2, 39–3), presents new factual claims, which Rhymes should have an opportunity to respond to.  However, given that the Dismissal Motions will be administratively terminated pending the completion of the Limited Discovery, the Sur-Reply Motion is moot.

## III.  DISCOVERY DISPUTE

The Discovery Dispute concerns plaintiffs' request that defendant be compelled to respond to their discovery requests.  (ECF No. 52 p. 3.)  Plaintiffs take issue with defendant's objections to produce discovery related to its: (1) customers' contracts, communications, and complaints; (2) training materials; (3) policies, procedures, and practices for setting rates and monthly fees; (4) government investigations into its pricing practices; (5) marketing and advertising efforts; and (6) data retention and destruction policies.  (*Id.* pp. 4–13.)  Plaintiffs also request that the Court enter their proposed ESI protocol. (*Id.* p. 14.)

Defendant argues that plaintiffs' discovery requests are "wildly disproportionate to the needs of the case" and given the pending Stay Request and its lack of resources, such discovery need not yet be exchanged.  (*Id.* pp. 3, 4.)  Similarly, defendant argues that plaintiffs' proposed ESI protocol is "very

Rhymes v. MPower Energy NJ, LLC
Case No.: 23–cv–02556–BRM–ESK
November 13, 2023
Page -8-

burdensome … [and] greatly exceeds the scope of other model protocols." (*Id.* p.15.)

Since discovery will be stayed except to complete the Limited Discovery, the Discovery Dispute is rendered moot. To the extent the Discovery Dispute concerns issues that may arise during the Limited Discovery period, the parties shall make a good faith effort to resolve all disputes.

## ORDER

1. Discovery is stayed except for the Limited Discovery. The Clerk of the Court is directed to administratively terminate the Dismissal Motions at ECF Nos. 15 and 16.

2. The parties shall meet and confer and file a proposed scheduling order by **November 17, 2023** setting forth deadlines for: (a) the Limited Discovery; (b) raising discovery disputes to the Court, if any, as to the Limited Discovery; (c) the filing of an amended complaint, if any; and (d) the filing of renewed, dispositive motions, if any.

3. The Sur-Reply Motion is **DENIED as moot.** The Clerk of the Court is directed to administratively terminate the Sur-Reply Motion at ECF No. 47.

4. The Discovery Dispute is **moot**. The parties are directed to meet and confer in good faith to conduct the Limited Discovery.

5. The parties are reminded of the telephone status conference set for **November 20, 2023** at **11:45 a.m.** (ECF No. 58.)

                                             */s/ Edward S. Kiel*
                                             **EDWARD S. KIEL**
                                             **UNITED STATES MAGISTRATE JUDGE**